M. E. CONDER ET ALS. V. M. T. STALLINGS ET ALS.

(Filed 11 December, 1912.)

**Pleadings—Verification Sufficient—Issues—Burden of Proof.**

In this action for specific performance of a bond for title to lands, there is uncontroverted allegation in the answer that the bond had been used in a former trial, had disappeared from among the papers and after diligent search cannot be found, with a further averment that a part of the *locus in quo* was not embraced in the bond, "according to the best recollection and belief" of the defendant, the answer being duly verified: *Held,* that the form of the denial is sufficient which bases the denial upon the defendant's recollection, which is his own information, and that the issue raised was a material one, with the burden of proof on the plaintiff.

APPEAL by defendants from *Justice, J.,* at August Term, 1912, of UNION.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*J. F. Newell, Adams & Armfield, and Stack & Parker* for plaintiffs.

*Lemmond & Vann and Redwine & Sikes* for defendants.

161—2

CLARK, C. J. This was an action for specific performance. Paragraph 3 of the complaint alleges that on 7 January, 1901, the defendant Stallings and wife executed to Martha A. Conder a bond for title, embracing six tracts of land described by metes and bounds, and the said Martha Ann was at that time a married woman and remained such till her death, 12 March, 1908. The answer admits that the defendant M. T. Stallings executed a bond for title at that date, but avers that the contract therefor was made with M. E. Conder and not with Martha Ann, and that at the instance of M. E. Conder the bond for title when drawn was made to Martha Ann as a protection against his creditors, and that she never had any interest in said lands. The defendant further avers that "according to his best recollection and belief" said bond for title did not contain the 7-acre tract of land nor the 79-acre tract of land, which are the subject-matter of this action.

The defendant M. T. Stallings also pleaded an estoppel that in a former action over the other four tracts claimed to be in said bond for title, in which action he was plaintiff and these plaintiffs were defendants, he offered the bond to make title (which has since been lost) as an estoppel against these plaintiffs (then defendants), and these plaintiffs (then defendants) denied in their pleadings and by their evidence in the cause that such bond had ever been made to Martha Ann Conder or delivered to her, and M. E. Conder, one of the plaintiffs in this action (then a defendant), testified under oath to that effect, and thereby this defendant (then plaintiff) was defeated of a recovery.

The court held (1) that there was no sufficient denial of paragraph 3 of the complaint; (2) that plaintiffs were not estopped by the pleadings and judgment in a former case, and (3) refused to submit issues, and referred the case to take an account. To these rulings the defendants excepted.

It appears in the answer and is not controverted that the bond for title, which had been used in a former trial, has disappeared from among the papers in said cause, and after diligent search cannot be found. The answer of the defendant

M. T. Stallings, therefore, denying that it embraced these two tracts of land, "according to his best recollection and belief," is a sufficient compliance with Revisal, 479. Why use the formula, denying "any knowledge or information sufficient to form a belief," when the defendant has a belief and bases it upon his recollection, which is his own information? The answer is duly verified as required by Revisal, 479. It was a most material matter on this inquiry whether the bond for title embraced these two tracts of land or not. The defendant Stallings avers as explicitly as he can do as to a lost bond, that it did not embrace the two tracts now sued for. This made it incumbent upon the plaintiff to establish that fact, and it was error not to submit that issue to the jury.

Without going into the question, at present, whether the proceedings in the former cause were an estoppel upon the plaintiffs in this, especially in view of the fact that the issue of fact must be determined whether or not the bond for title in the former suit embraced these two tracts or not, there are other allegations in the answer tending to show an estoppel *in pais.*

There must be a new trial, in which proper issues covering the disputed issues of fact shall be submitted to the jury.

Reversed.